DODSON *v.* CLARK COUNTY LUMBER COMPANY.

Opinion delivered March 20, 1916.

CARRIERS—NEGLIGENCE—RELEASE FROM LIABILITY.—A sawmill company, under its charter, operated a logging road, upon which it carried neither freight nor passengers for hire, and was a common carrier of neither. It permitted plaintiff gratuitously to ride on one of its trains, however, but required him to execute a release, releasing the company from any liability, even for negligence. Plaintiff was injured by negligence and sued for damages. *Held,* he could not recover.

Appeal from Clark Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*H. B. Means* and *McMillan & McMillan,* for appellant.

1. It was error to direct a verdict. Railroads are responsible for damages caused by their negligence in

running trains.   Art. 17, § 12, Const.; Kirby's Digest, § 6773; 48 Ark. 467.   Defendant was operating a railroad. Kirby's Dig., § 6596; Acts 1907, p. 336; 124 S. W. 903.

2.   The release was no defense.   94 Ark. 27-37.   A railroad can not relieve itself of liability for its negligence by contract; it is against public policy.   94 Ark. 37; 82 *Id.* 441; 119 Ark. 95; 78 Ark. 505; 135 S. W. 635.

3.   If appellee was not a public carrier or *common carrier* it was at least a *private carrier for hire.*   155 S. W. 179, 180; 135 *Id.* 639.   Defendant carried goods for any and everybody for hire.   78 Ark. 419; 48 *Id.* 460. The case should have gone to the jury under proper instructions.   118 S. W. 178; 87 S. W. 359; 54 S. E. 420; 75 *Id.* 1074; 123 S. W. 961.

*McRae & Tompkins,* for appellee.

1.   Appellee was not a common carrier.   100 Ark. 45.   It had a right to limit its liability.   58 Ark. 407, 415; 176 U. S. 505.   The contract of release was not void as against public policy.   90 Ia. 265; 24 L. R. A. 647; 70 *Id.* 930, 933; 70 Fed. 201; 82 Ark. 339; 82 *Id.* 339; 101 *Id.* 310; 83 *Id.* 502; 50 *Id.* 397; 111 *Id.* 102; 63 *Id.* 331; 90 *Id.* 308; 101 *Id.* 436.

2.   A verdict was properly directed for defendant. It was merely a private carrier and occasionally carried passengers free of charge, and could exempt itself from liability by a release as here.   Cases *supra;* 1 Hutchinson on Carriers, § 14; 4 Elliott on Railroads, § 1645, 1397; 98 N. E. 127; 84 U. S. 357; 155 S. W. 179; 149 Ind. 21; 55 L. R. A. 253; 93 N. E. 616; 40 L. R. A. 101; 30 *Id.* 193; 156 Mass. 525; 66 Fed. 506; 155 S. W. 179; 11 L. R. A. (N. S.) 432; 12 Ann. Cases, 732, and note 738.

McCULLOCH, C. J.   The defendant, Clark County Lumber Company, is a domestic corporation organized, principally, for the purpose of operating saw mills and planing mills, but under its charter it was also authorized to operate a railroad.   The corporation built, in connection with its saw mill, a railroad twelve miles in length running out from Smithton, a point in Clark County,

Arkansas. The road was built out into the timber for the purpose of hauling material to the mill, but the testimony shows that occasionally material was hauled for others. The plaintiff, D. H. Dodson, was injured while he was a passenger on the train, and instituted this action to recover damages.

The material facts are undisputed; and the trial court instructed the jury to return a verdict in favor of the defendant. The plaintiff was getting out heading material near the terminus of the railroad and entered into negotiations with defendant to haul material for him and an agreement was finally reached by the manager of defendant's business, including the railroad, to haul the material for $2 per cord, and there was a further agreement in consideration of the price to be charged that plaintiff should have the right to ride on the train when going to and from the place he was engaged in getting out the material. The defendant was not engaged in carrying passengers, but persons occasionally were allowed to ride without charge. The rule of the company was that no person should be allowed to ride without signing a written stipulation waiving the right to hold the company liable for damages on account of injuries received while being transported over the road.

Plaintiff signed the stipulation, which is in the following words: "I have asked permission to ride the Log Train of Clark County Lumber Company from Smithton, Arkansas, to Good-By, Arkansas, without charge. I know that it does not carry passengers, and is not equipped therefor, and in consideration of permission to ride thereon, I hereby release and discharge said company, its servants or employees from all liability for damages, that may result to me, my heirs or legal representatives, by reason of riding on said train, whether arising from its negligence or not, and hereby assume all risks of injury."

On September 26, 1913, the caboose in which plaintiff was riding was derailed and plaintiff received serious injuries. The evidence is sufficient to warrant the conclu-

sion that the derailment occurred by reason of negligence of the defendant in its track equipment. The ground upon which the court decided in favor of the defendant was that the stipulation waiving the right to recover damages was binding on the plaintiff. We are of the opinion that the court reached the right conclusion on that question.

We decided in *St. Louis, I. M. & S. Ry Co.* v. *Pitcock*, 82 Ark. 441, that (quoting from the syllabus) "a railroad company is liable to a passenger injured through its negligence, though at the time of his injury he was riding on a free pass which stipulated that he 'assumed all risks of accidents and damages without claim upon the company;' such stipulation being contrary to public policy." That case related, however, to a public carrier of passengers, and the basis of the decision was that it was contrary to public policy to permit such a carrier to thus exempt itself from liability. In the present case, the defendant was not a public carrier of passengers. Indeed, the evidence is scarcely sufficient to show that it was a public carrier of goods, for the testimony is that it was only a log road that was being operated, and that defendant did not undertake to carry freight for all who applied but merely on some occasions did carry it for others.

We have stated the rule to be that "in order to constitute one a common carrier, the business as such must be regular and customary in its character, and not casual only. An occasional undertaking to carry goods will not make one a common carrier. But the business of carrying must be conducted as a business, and must be of such a general and public nature that a person carrying it on, is bound to convey goods of all persons indifferently who offer to pay for the transportation thereof." *Arkadelphia Milling Co.* v. *Smoker Merchandise Co.,* 100 Ark. 37.

But whatever the testimony may have been with respect to the carrying of goods, it is undisputed that the defendant was not a carrier of passengers for hire and

did not carry passengers at all except gratuitously, and that, too, under a stipulation of exemption from liability. That being true, the doctrine of the Pitcock case, *supra,* has no application and there is no reason for holding that defendant, like any other person or corporation performing a service gratuitously, may not exempt itself from liability. In the Pitcock case we recognized the contrariety of judicial opinion upon the question whether a public carrier of passengers could thus exempt itself, and we deliberately took our position on that question, but that has no bearing upon the law of private contracts which do not cover the performance of a public service. The Supreme Court of Texas, in the case of *G., C. & S. F. Ry. Co.* v. *McGowan,* 65 Tex. 640, took the same position that we did in the Pitcock case. But in the recent case of *Sullivan-Sanford Lumber Co.* v. *Watson,* 106 Tex. 4, 155 S. W. 179, that court decided that a corporation operating a log road for its own convenience, and not engaged as a public carrier, could exempt itself from liability. That position appears to us as being entirely sound, and we hold that the defendant in this case, even though it was carrying the plaintiff for a consideration growing out of the contract of carrying his material, was not a public carrier, and being engaged in performing purely a private service had the right to prescribe the terms on which it would perform the same.

Now, the evidence adduced by the defendant is to the effect that the plaintiff signed the stipulation covering the trip during which he was injured, and the particular instrument signed by plaintiff and dated of that date was produced at the trial, but the plaintiff denied that he had signed the stipulation on that day. He admitted that he signed the particular instrument thus produced, which bore that date, but he claimed he did not sign it on that date. It may be said that there is a conflict as to whether or not he signed the stipulation for that particular trip, but there is no dispute as to the fact that he on numerous occasions signed those stipulations and it is unimportant whether he signed one for that particular

trip or not, for he was advised as to the conditions upon which he could ride on the train and he accepted those conditions when he took passage.

We are of the opinion, therefore, upon the undisputed evidence, that the instruction of the court was correct, so the judgment is affirmed.